Estate of Jack Messing, Deceased, Ruth Messing, Executrix v. Commissioner.
Estate of Jack Messing v. Commissioner
Docket No. 16770.
United States Tax Court
1948 Tax Ct. Memo LEXIS 114; 7 T.C.M. (CCH) 568; T.C.M. (RIA) 48150; August 18, 1948
Walter E. Godfrey, Esq., 42 Broadway, New York, N. Y., for the petitioner. John J. Madden, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the estate tax of petitioner estate in the sum of $4,835.65. That part of the deficiency is here in issue which results from respondent's determination that "the bonus received by the estate [in the amount of $24,000] from decedent's employer is included in the gross estate under the provisions of section 811 of the Internal Revenue Code." Findings of Fact Petitioner's decedent died on August 22, 1944. Petitioner filed its estate tax return with the collector of internal revenue for the third district of New York. For over 25 years prior to his death decedent *115 had been employed by Arthur Beir & Co., Inc., a family corporation controlled by Sydney Beir who was its president and treasurer. He and his wife were directors of the corporation, and the stockholders were Sydney Beir, his wife and his son. Decedent was not and never had been a stockholder or director of Arthur Beir & Co., Inc. He was employed by that company upon a general oral understanding that he was to be paid a salary for the work he performed for the corporation. There was never a written contract of employment. Decedent was not employed for a definite term. During the latter years of his employment decedent handled the financial affairs of the corporation as an executive immediately under the president and controlling stockholder of the corporation, Sydney Beir. His title was assistant secretary Beir directed all of the affairs and policies of the corporation. The business of the corporation was conducted with no corporate formalities. Beir's discretion was absolute and his actions were never questioned by the other director (his wife) or by the other stockholders (his wife and son). It was the practice of the corporation to pay bonuses to its executive employees at *116 the end of years which had been profitable to the corporation. No bonuses were paid at the end of years which had been unprofitable. There existed no contracts with decedent or any other employee under which the corporation was obligated to pay any bonuses. Whether any bonuses should be paid and the amount thereof were questions to be decided by Beir in his discretion. When bonuses were paid the amount thereof was not based on any percentage of the corporation's earnings or of the salary of the particular employee. During the years 1940 to 1943, inclusive, the salary and bonus paid to decedent were as follows: Salary
Bonus
1940
$5,980
$12,000
1941
5,980
24,000
1942
6,095
24,000
1943
5,980
24,000 Up to and including the month of August 1944, decedent received as salary the sum of $6,360. In the month of December 1944, the attorney representing decedent's widow and estate telephoned to the attorney for the corporation and suggested that the corporation pay a bonus as additional compensation for the services of decedent rendered before his death in August of that year. This being brought to the attention of Beir, Beir, on December 27, 1944, drew his *117 personal check in the amount of $24,000 to the order of "Estate of Jack Messing." This check was delivered the next day to decedent's widow and the executrix of his estate who was asked to, and did, sign the following document: "In re: Estate of Jack Messing. " The undersigned, Ruth Messing, individually and as executrix of the last will and testament of Jack Messing deceased, does hereby acknowledge receipt from Arthur Beir & Co., Inc. of 57 Worth Street, Borough of Manhattan, New York City, the former employer of Jack Messing, deceased, of the sum of Twenty-four thousand ($24,000.) Dollars in full payment of the additional compensation or bonus paid in connection with the former employment of said Jack Messing by said Arthur Beir & Co., Inc. and which sum is paid in addition to the regular salary or compensation of Sixty-three hundred and sixty ($6360.) Dollars that had been paid by said Arthur Beir & Co., Inc. to said Jack Messing from January 1st, 1944 up to August 22nd, 1944. the date of the death of said decedent. "Dated, New York, December 28th, 1944. "(Ruth Messing, individually and as executrix, etc.)" Two other executive employees of the corporation (who were not *118 related to Beir) had died while employed by the corporation. A bonus had been paid at the end of the year of death to the estate of one; but no bonus had been paid to the estate of the other. In the case of the latter, regular salary payments had been made during an illness of 18 months. Beir was later reimbursed by the corporation on account of the check drawn by him to the estate of decedent, and a deduction was taken on account thereof by the corporation on its income tax return for 1944. Opinion KERN, Judge: The question presented herein is whether decedent, at the time of his death, had an interest in or claim to the bonus payment later made by his employer to his estate which had a value includible in his gross estate. Under the facts presented by the record we are of the opinion that there was no legal liability, at the time of decedent's death or afterwards, on the part of Arthur Beir & Co., Inc., to pay to decedent, or his estate, any bonus in 1944. There might have been an expectation on the part of decedent that a bonus would be paid to him at the end of 1944, and a hope on the part of his estate after his death that a bonus in some amount would be paid to it, but *119 there was no right or legal claim to such a payment at the time of decedent's death as to which he had an interest subject to valuation. See United States Trust Co. of New York et al., 9 B.T.A. 514. This case is on that account distinguishable from Estate of Leonard B. McKitterick, 42 B.T.A. 130. We do not have before us the question of whether the bonus payment constituted taxable income to decedent's estate, or to his widow, or whether it was a proper deduction by the corporation in its income tax return for 1944. The question for our decision is an estate tax question, and not an income tax question. We decide it in favor of petitioner. Decision will be entered under Rule 50.